MARK E. WEINBERGER, P.C.
David S. Dender, Esq.
Attorneys for Plaintiff(s)
50 Merrick Road
Rockville Centre, New York 11570
(516) 829-7270


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAYOLA CREWS,                                                      **COMPLAINT**
                              Plaintiff,

        -against-

                                                                  **PLAINTIFF DEMANDS A
                                                                  TRIAL BY JURY**


M.I.A.S. TRANSPORTATION CO., INC.,
M.I.A.S. TRANSPORTATION CO., INC. doing business
under the assumed name of NEW DISCOVERY TOURS,
M.I.A.S. TRANSPORTATION CO., INC. doing business
under the assumed name of DISCOVERY TOURS
and JORDAN STERLING,
                              Defendants.

------------------------------------------------------------------X


        Plaintiff, by their attorneys, **MARK E. WEINBERGER, P.**C. complaining of the defendants,

herein allege as follows:


## NATURE OF THE CASE

        1.      This is a civil action for personal injuries suffered by the plaintiff MAYOLA CREWS

against the defendant M.I.A.S. TRANSPORTATION CO., INC., M.I.A.S. TRANSPORTATION CO.

INC. doing business under the assumed name of NEW DISCOVERY TOURS, M.I.A.S.

TRANSPORTATION CO. INC. doing business under the assumed name of DISCOVERY TOURS

(collectively M.I.A.S.) and JORDAN STERLING. This action arises out of a motor vehicle accident on

September 8, 2018 on the Pennsylvania Turnpike (I-276), in which a tour bus owned by the defendants

M.I.A.S. and operated by the defendant JORDAN STERLING, left the roadway and struck a guiderail. The plaintiff MAYOLA CREWS was a passenger in the bus. The Defendants' negligence was a substantial factor in causing the Plaintiff's injuries.

## PARTIES

2.     Plaintiff, MAYOLA CREWS, is a resident and citizen of the State of New York.

3.     Defendant M.I.A.S. TRANSPORTATION CO., INC., M.I.A.S. TRANSPORTATION CO. INC. doing business under the assumed name of NEW DISCOVERY TOURS, M.I.A.S. TRANSPORTATION CO. INC. doing business under the assumed name of DISCOVERY TOURS (collectively M.I.A.S.) is a New Jersey Corporation with a principal place of business in Scotch Plains, New Jersey.

4.     Defendant JORDAN STERLING, is and individual and resident of Irvington, New Jersey.

## VENUE AND JURISDICTION

5.     This Court has original jurisdiction over this action under 28 U.S.C. 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiff is a citizen of a state which is different from the state where the defendants are incorporated and have their principal place of business or residence. There is complete diversity of citizenship between the plaintiff and the defendants.

6.     Venue is proper in this district, because the plaintiff and all of the passengers in the bus reside in Brooklyn, Queens and/or the Bronx, New York and the trip originated in and was to return to Brooklyn, New York.  As a result, the bulk of the witnesses to the occurrence are likely to be located in New York.

## FACTUAL ALLEGATIONS

7.     That at all times hereinafter mentioned, plaintiff, **MAYOLA CREWS**, was and still is a natural person residing within the County of Kings, City and State of New York.

8.     That at all times hereinafter mentioned, and on and prior to September 8, 2018, upon information and belief, the defendant, **M.I.A.S. TRANSPORTATION CO., INC.,** (hereinafter **M.I.A.S.**) was and still is a foreign corporation licensed and/or authorized to conduct business within the State of New York.

9.     That at all times hereinafter mentioned, and on and prior to September 8, 2018, upon information and belief, the defendant, **M.I.A.S.** was and still is a foreign corporation doing business within the State of New York.

10.     That at all times hereinafter mentioned, and on and prior to September 8, 2018, upon information and belief, the defendant, **M.I.A.S.** was and still is a New York domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.     That at all times hereinafter mentioned, and on and prior to September 8, 2018, upon information and belief, the defendant, **M.I.A.S.** was and still is a New Jersey domestic corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

12.     That at all times hereinafter mentioned, and on and prior to September 8, 2018, upon information and belief, the defendant, **M.I.A.S.** was and still is a New Jersey domestic corporation doing business in the State of New York.

13.     That at all times hereinafter mentioned, and on and prior to September 8, 2018, upon information and belief, the defendant, **M.I.A.S.** was and still is a New Jersey domestic corporation doing business in the State of Pennsylvania.

14.     That at all time hereinafter mentioned, the defendant **M.I.A.S.** was doing business under the assumed name of **NEW DISCOVERY TOURS.**

15.     That at all time hereinafter mentioned, the defendant **M.I.A.S.** was doing business under the assumed name of **DISCOVERY TOURS.**

3

## AS AND FOR A FIRST CAUSE OF ACTION (Negligence)

16.     Plaintiffs repeat, reiterate and reallege each and every previous allegation of this complaint with the same force and effect as if separately enumerated hereunder.

17.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, was the <u>owner</u> of a coach bus/tour bus for hire, bearing NJ license plate AU327H, being operated on the Westbound Pennsylvania Turnpike (I-276),in the County of Montgomery, State of Pennsylvania.

18.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, <u>operated</u> of a coach bus/tour bus for hire, being operated at the aforesaid location.

19.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **JORDAN STERLING** was the <u>operator</u> of a coach bus/tour bus for hire, being operated at the aforesaid location.

20.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **JORDAN STERLING** was the <u>operator</u> of a coach bus/tour bus for hire, being operated at the aforesaid location with the permission and consent of said vehicles owner.

21.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **JORDAN STERLING** was employed by the owner of the aforesaid vehicle.

22.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **JORDAN STERLING** was employed by the defendant **M.I.A.S.**.

23.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **JORDAN STERLING** was operating the aforesaid vehicle within the scope of his employment.

4

24.     That upon information and belief, on September 8, 2018 defendant **JORDAN STERLING** managed the aforesaid motor vehicle.

25.     That upon information and belief, on September 8, 2018 defendant **JORDAN STERLING** controlled the aforesaid motor vehicle.

26.     That upon information and belief, on September 8, 2018 defendant **JORDAN STERLING** inspected the aforesaid motor vehicle.

27.     That upon information and belief, on September 8, 2018 defendant **JORDAN STERLING** supervised the aforesaid motor vehicle.

28.     That upon information and belief, on September 8, 2018 defendant **JORDAN STERLING** maintained the aforesaid motor vehicle.

29.     That upon information and belief, on September 8, 2018 defendant **JORDAN STERLING** repaired the aforesaid motor vehicle.

30.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** its agents, servants, and or employees, managed the aforementioned coach bus/tour bus for hire, being operated at the aforesaid location.

31.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** its agents, servants, and or employees, controlled the aforementioned coach bus/tour bus for hire, being operated at the aforesaid location.

32.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** its agents, servants, and or employees, inspected the aforementioned coach bus/tour bus for hire, being operated at the aforesaid location.

33.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** its agents, servants, and or employees, supervised the aforementioned coach bus/tour bus for hire, being operated at the aforesaid location.

5

34.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, <u>maintained</u> the aforementioned coach bus/tour bus for hire, being operated at the aforesaid location.

35.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, <u>repaired</u> the aforementioned coach bus/tour bus for hire, being operated at the aforesaid location.

36.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the aforementioned passenger bus of the defendant, **M.I.A.S.**, its agents, servants, and or employees, was being operated with the permission and/or consent, express or implied, of its owner.

37.     That on September 8, 2018, the plaintiff was a passenger in the aforementioned tour bus for hire, owned by the defendant, **M.I.A.S.**, and being operated by the defendant **JORDAN STERLING** at the aforesaid location.

38.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, had a duty to own, operate, control, maintain,  inspect, supervise, manage and repair  the aforesaid vehicle in a safe, reasonable and careful manner in accordance with the Vehicle and Traffic Laws of the State of New York.

39.     That on September 8, 2018,and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, had a duty to own, operate, control, maintain, inspect, supervise, manage, and repair the aforesaid vehicle in a safe, reasonable and careful manner in accordance with the Vehicle and Traffic Laws of the State of New Jersey.

40.     That on September 8, 2018,and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, had a duty to own, operate, control, maintain, inspect, supervise manage,  and repair the aforesaid vehicle in a safe, reasonable and careful manner in accordance with the Vehicle and Traffic Laws of the State of Pennsylvania.

6

41.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, was careless and negligent in the <u>ownership</u> of the aforementioned coach bus/tour bus for hire.

42.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, was careless and negligent in the <u>operation</u> of the aforementioned coach bus/tour bus for hire.

43.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, was careless and negligent in the <u>control</u> of the aforementioned coach bus/tour bus for hire.

44.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, was careless and negligent in the <u>maintenance</u> of the aforementioned coach bus/tour bus for hire.

45.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, was careless and negligent in the <u>management</u> of the aforementioned coach bus/tour bus for hire.

46.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, was careless and negligent in the <u>repair</u> of the aforementioned coach bus/tour bus for hire.

47.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, was careless and negligent in the <u>inspection</u> of the aforementioned coach bus/tour bus for hire.

48.     That on September 8, 2018, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, was careless and negligent in the <u>supervision</u> of the aforementioned coach bus/tour bus for hire.

49.     That at all times herein mentioned, the west bound Pennsylvania Turnpike also known as I-276, at or near the exit ramp to the Valley Forge Interchange, in the County of Montgomery, State of Pennsylvania, was and is a public roadway and/or thoroughfare.

50.     That on September 8, 2018, at approximately 8:25 AM, and at all times hereinafter mentioned, the defendants, their agents, servants, and or employees, operated the aforementioned coach bus/tour bus for hire in a negligent, reckless, careless and erratic manner, so as to cause the same to strike a guide rail and/or posts and leave the roadway in a sudden and unsafe manner, without warning or justification and/or notice to the plaintiffs herein.

51.     That on September 8, 2018, and at all times hereinafter mentioned, as a result of the defendants, their agents, servants, and or employees, operation of the aforementioned passenger bus, in the manner as aforementioned, the plaintiff was caused to be violently thrown within the aforementioned coach bus/tour bus for hire and injured.

52.     That the aforesaid occurrence was caused solely by the negligence of the defendants, without said plaintiffs contributing thereto, in that said motor vehicle was owned, operated, maintained, repaired and controlled in a careless, reckless and negligent manner, in violation of the defendants' respective duties of care, and in violation of the Vehicle and Traffic Laws of the State of New York, the State of New Jersey and the State of Pennsylvania, all of which resulted in the injuries sustained by the plaintiffs.

53.     That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, inspection, repair, use and control of their aforesaid motor vehicle; in operating their motor vehicle at an excessive, unlawful and dangerous rate of speed or at a rate of speed greater than care and caution would permit under the circumstances then and there prevailing; in failing to look; in failing to see; in failing to observe the roadway and traffic conditions thereupon; in failing to give any signal or warning of the impending accident; in failing and/or omitting to make proper use of brakes,

braking systems and/or steering mechanisms; in failing to inspect and/or negligently inspecting and repairing the aforesaid motor vehicle; in failing to remove the vehicle from service when same was not safe; in failing to yield the right of way; in violating the laws, rules, statutes, regulations and ordinances of the States of New York, New Jersey and Pennsylvania in such cases as made and provided; and in otherwise failing to use due care, caution, and prudence on the aforementioned premise

54.     By reason of the foregoing, Plaintiff **MAYOLA CREWS** sustained serious, severe and permanent personal injuries and harm and Plaintiff **MAYOLA CREWS** was otherwise damaged.

55.     Plaintiff **MAYOLA CREWS** sustained serious injuries as defined in Subdivision (d) of §5102 of the Insurance Law of the State of New York.

56.     Plaintiff **MAYOLA CREWS** sustained serious injuries and economic loss greater than basic economic loss so as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

57.     Plaintiff **MAYOLA CREWS** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances of this action.

58.     That this action falls within one or more of the exceptions as set forth in CPLR §1602.

59.     That the defendants, their agents, servants and/or employees committed culpable acts as well as negligence.

## AS AND FOR A SECOND CAUSE OF ACTION (negligence)

60.     Plaintiffs repeat, reiterate and reallege each and every previous allegation of this complaint with the same force and effect as if separately enumerated hereunder.

61.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, was the <u>owner</u> of a transportation company, in the business of providing tours and transporting persons.

62.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, was the <u>operator</u> of a transportation company, in the business of providing tours and transporting persons.

63.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, <u>supervised</u> a transportation company, in the business of providing tours and transporting persons.

64.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, <u>managed</u> a transportation company, in the business of providing tours and transporting persons.

65.     That upon information and belief, on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, <u>controlled</u> a transportation company, in the business of providing tours and transporting persons.

66.     That on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, had a duty to own, supervise, manage, and control, the aforesaid business in a safe, reasonable and careful manner.

67.     That on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, was careless and negligent in the <u>ownership</u> of the aforementioned transportation company, in the business of providing tours and transporting persons.

68.     That on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and or employees, was careless and negligent in the <u>operation</u> of the aforementioned transportation company, in the business of providing tours and transporting persons.

69.     That on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** its agents, servants, and or employees, was careless and negligent in the <u>supervision</u> of the aforementioned transportation company, in the business of providing tours and transporting persons.

70.     That on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** its agents, servants, and or employees, was careless and negligent in the <u>management</u> of the aforementioned transportation company, in the business of providing tours and transporting persons.

71.     That on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** its agents, servants, and or employees, was careless and negligent in the <u>control</u> of the aforementioned transportation company, in the business of providing tours and transporting persons.

72.     That on September 8, 2018,and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** its agents, servants, and or employees, operated the aforementioned coach bus/tour bus for hire, at the aforesaid location,  in a negligent, reckless, careless and erratic manner, so as to cause the same to, inter alia, to strike a guide rail and/or posts and leave the roadway in a sudden and unsafe manner, without warning or justification and/or notice to the plaintiffs herein.

73.     That on September 8, 2018,and at all times hereinafter mentioned, as a result of the defendant **M.I.A.S.** its agents, servants, and or employees, negligent and careless ownership, operation, supervision, management, and control of the aforementioned transportation company, in the business of providing tours and transporting persons, the plaintiffs were caused to be violently thrown  and injured within the aforementioned coach bus/tour bus for hire.

74.     That the aforesaid occurrence was caused solely by the negligence of the defendant, its agents, servants, and or employees, without said plaintiffs contributing thereto, in that said transportation company was owned, operated, supervised, managed and controlled in a careless, reckless and negligent manner, in violation of the defendant's respective duties of care, and in violation of the Vehicle and Traffic

Laws of the State of New York, State of New Jersey and the State of Pennsylvania, all of which resulted in the injuries sustained by the plaintiff.

75.     That as a result of the foregoing, the plaintiff suffered a "serious injury" as defined by Subdivision (d) of Section 5102 of the Insurance Law of the State of New York.

76.     Plaintiff **MAYOLA CREWS** sustained serious injuries and economic loss greater than basic economic loss so as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

### AS AND FOR A THIRD CAUSE OF ACTION (Respondent Superior)

77.     Plaintiffs repeat, reiterate and reallege each and every previous allegation of this complaint with the same force and effect as if separately enumerated hereunder.

78.     That on September 8, 2018, and at all times hereinafter mentioned, defendant **JORDAN STERLING**, was an employee, servant and/or agent of the defendant, **M.I.A.S.**, its agents, servants and/or representatives.

79.     That on or about September 8, 2018 and at all times hereinafter mentioned, defendant **JORDAN STERLING,** was operating the aforementioned motor vehicle, at the time of the aforesaid occurrence, pursuant to his employment, responsibilities and/or duties with the defendant, **M.I.A.S.**, its agents, servants and/or representatives.

80.     That on or about September 8, 2018,and at all times hereinafter mentioned, the aforesaid incident occurred while an agent, servant, and or employee, defendant **JORDAN STERLING**,   was acting within the scope of his employment, responsibilities and/or duties for the defendant, **M.I.A.S.**, its agents, servants and/or representatives, and in furtherance of the business of **M.I.A.S.**, its agents, servants and/or representatives.

12

81.     That solely as a result of the foregoing negligence of the employee, agent and/or servant, defendant **JORDAN STERLING**, the defendant, **M.I.A.S.**, its agents, servants and/or representatives, are liable to the plaintiff.

82.     That as a result of the foregoing, the plaintiff suffered a "serious injury" as defined by Subdivision (d) of Section 5102 of the Insurance Law of the State of New York.

83.     Plaintiff **MAYOLA CREWS** sustained serious injuries and economic loss greater than basic economic loss so as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

## AS AND FOR A FOURTH CAUSE OF ACTION (Negligent Hiring)

84.     Plaintiffs repeat, reiterate and reallege each and every previous allegation of this complaint with the same force and effect as if separately enumerated hereunder.

85.     That on September 8, 2018, and at all times hereinafter mentioned, the defendant **JORDAN STERLING,** was an employee, servant and/or agent of the defendant, **M.I.A.S.,** its agents, servants and/or representatives.

86.     That on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.,** had a duty and obligation to exercise reasonable care with respect to the hiring, screening, employing, training, management, control and supervision of its employees.

87.     That prior to and on September 8, 2018, and at all times hereinafter mentioned, the defendant, **M.I.A.S.**, its agents, servants, and/or employees were negligent, reckless and careless in the hiring, screening, employing, training, management, control and supervision of their employees, agents, and/or servants including, but not limited to defendant **JORDAN STERLING**.

13

88.     That the aforesaid accident and injuries occurred solely and wholly as a result of the negligence of the defendant, **M.I.A.S.**, its agents, servants, and/or employees, as aforesaid, without any contributory negligence on the part of the plaintiff.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (M.I.A.S.'s Reckless and/or intentional conduct)

89.     Plaintiffs repeat, reiterate and reallege each and every previous allegation of this complaint with the same force and effect as if separately enumerated hereunder.

90.     Upon information and belief, **M.I.A.S.** knew or should have known that the vehicle involved in the occurrence was not in compliance with Federal Motor Carrier Safety Administration ("F.M.S.C.A.") Regulations.

91.     Upon information and belief, **M.I.A.S.** knew or should have known that the vehicle's brakes were non-functioning, defective, dangerous and out of repair before the accident occurred.

92.     Upon information and belief, that despite **M.I.A.S.'s** actual and/or constructive knowledge that the vehicle's brakes were non-functioning, defective, dangerous and out of repair before the accident occurred, they failed to remove the vehicle from service.

93.     That **M.I.A.S.** knew or should have known that it was unreasonable and unsafe to keep the aforesaid vehicle in service.

94.     As a result of the non-functioning, defective, dangerous and out of repair brakes, the vehicle was not able to slow down and/or stop and was caused to leave the roadway and strike a guiderail and other objects.

95.     Further, as a result of the non-functioning, defective, dangerous and out of repair brakes, **M.I.A.S.** knew or should have known that one of the vehicles most important safety features was compromised.

96.     Had the bus's brakes been properly functioning, the subject accident could have been avoided.

97.     Defendants knew that its actions were substantially certain to result in serious injury or death because operating a bus, by its nature, is a dangerous activity, and **M.I.A.S.** heightened this danger through its activities.

98.     Upon information and belief, **M.I.A.S.** recklessly and intentionally engaged in a pattern and practice of having its vehicles in violation of F.M.S.C.A. regulations.

99.     Upon information and belief, **M.I.A.S.** knew or should have known that its vehicles were in violation of F.M.S.C.A. regulations.

100.     **M.I.A.S.** not only failed to condemn, but condoned this practice of operating its vehicles in violation of F.M.S.C.A. regulations.

101.     As a direct, substantial and proximate result of the reckless or intentional conduct of **M.I.A.S.**, as set forth above, Plaintiff suffered serious injuries and damages.

102.     **M.I.A.S.'s** acts and/or failure to act under the circumstances of this case were outrageous in that **M.I.A.S.'s** conduct amounted to reckless indifference to the safety of the passengers and others utilizing the roadway.

103.     As a result of **M.I.A.S.'s** gross, reckless, willful, wanton and intentional conduct, it should be appropriately punished with the imposition of punitive damages.

## DEMAND FOR A JURY TRIAL

104.     Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b) and 38(c).

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs demand judgment against the defendants for

a.   Actual, compensatory and statutory damages;

b.   Punitive damages as allowed by law;

c.   Pre and post judgment interest as allowed by law;

d.   Injunctive relief;

e.   An award of taxable costs;

f.   An award of attorney's fees as allowed by law; and

g.   Any and all such further relief as this Court deems just and proper.

Dated:  Rockville Centre, New York
        July 22, 2019

Yours, etc.
MARK E. WEINBERGER, P.C.

By: _____
David S. Dender, Esq. (DSD 2056)
Attorneys for Plaintiff
50 Merrick Road
Rockville Centre, New York 11570
Ph. (516) 829-7270
Fax (516) 829-0102

UNITED STATES DISTICT COURT
EASTERN DISTRICT OF NEW YORK

Index No.:

MAYOLA CREWS,

                              Plaintiffs,

        -against-

M.I.A.S. TRANSPORTATION CO., INC.,
M.I.A.S. TRANSPORTATION CO., INC. doing business
under the assumed name of NEW DISCOVERY TOURS,
M.I.A.S. TRANSPORTATION CO., INC. doing business
under the assumed name of DISCOVERY TOURS
and JORDAN STERLING,

                              Defendants.

---

### COMPLAINT with JURY DEMAND

---

MARK E. WEINBERGER, P.C.
Attorneys for Plaintiff
50 Merrick Road
Rockville Centre, New York 11570
(516) 829-7270

---

ATTORNEY CERTIFICATION: Pursuant to NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of the State of New York, certifies, to the best of his knowledge after reasonable inquiry, that the contentions contained in the annexed documents are not frivolous.

Dated: July 22, 2019

                              By: _____
                                   David S. Dender, Esq.

---

PLEASE TAKE NOTICE
____    NOTICE OF ENTRY that the within is a true copy of a                    entered in the
office of the clerk of the within named Court on


____    NOTICE OF SETTLEMENT that an Order of which the within is a true copy will be presented
for settlement to the Hon.            one of the judges of the within named Court, on